UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| JAZMYN THOMAS,<br><br>          Plaintiff,<br><br>   v.<br><br>NAVY FEDERAL CREDIT UNION,<br><br>          Defendant. | Civil Action No. 1:23-cv-1308<br><br>**MEMORANDUM ORDER** |

**O'HEARN, District Judge.**

    **THIS MATTER** comes before the Court by way of *pro se* Plaintiff Jazmyn Thomas's Complaint and request to proceed *in forma pauperis*. (ECF No. 1). Plaintiff has established her financial eligibility to proceed *in forma pauperis* without prepayment of fees and costs under 28 U.S.C. § 1915(a) considering her limited income, and her request is therefore granted. Plaintiff appears to assert violations of the New Jersey Consumer Fraud Act ("NJCFA"), N.J.S.A. § 56:8-1 et seq., Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 et seq., Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq., and Gramm-Leach-Billey Act ("GLBA"), 15 U.S.C. § 6801 et seq., against Navy Federal Credit Union ("Defendant"). (Compl., ECF No. 1 at 6).

    However, pursuant to § 1915(e)(2), courts must dismiss a complaint, or any portion thereof, brought by a plaintiff proceeding *in forma pauperis* that is (i) frivolous or malicious, (ii) fails to state a claim on which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). The Court must also dismiss a complaint when it lacks subject matter jurisdiction over the asserted claims. *See* FED. R. CIV. P. 12(h)(3).

When evaluating a claim under § 1915(e)(2), the Court applies the same standard that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). *E.g.*, *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts construe *pro se* plaintiffs' submissions liberally and hold them to a less stringent standard that those filed by attorneys, *Haines v. Kerner*, 404 U.S. 519, 520 (1972), but "pro se litigants must allege sufficient facts in their complaint to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2019).

Plaintiff alleges that Defendant violated a "consumer credit contract for a 2018 Jeep Wrangler." (Compl., ECF No. 1 at 6). Plaintiff alleges she financed her Jeep with Defendant. (Compl., ECF No. 1 at 6). Plaintiff further alleges that she was not provided:

> disclosure of credit terms that are required by federal law such as the annual percentage rate, finance charge, amount financed, total of payments, privacy agreement, right of recission, late payment terms and disclosure of when, who, or how my nonpublic personal information would be shared with authorized and nonaffiliated [third] parties including all credit reporting agencies.

(Compl., ECF No. 1 at 6). Plaintiff also alleges that Defendant was "furnishing a fraud derogatory late payment" and in response, Plaintiff submitted a "Consumer Financial Protection Bureau complaint." (Compl., ECF No. 1 at 6). Plaintiff alleges that Defendant responded that she owed a debt, sent copies of the contract to Plaintiff, and stated that they would continue collecting on the debt. (Compl., ECF No. 1 at 6). Plaintiff alleges that upon reviewing the contract, she discovered that the contract did not include the credit terms or the federally required disclosures. (Compl.,

ECF No. 1 at 6). Finally, she alleges that Defendant shared her personal information with third parties without her consent, which has impacted her "credit worthiness and limited [her] financial freedom." (Compl., ECF No. 1 at 6–7). She is seeking damages in the amount of $360,000. (Compl., ECF No. 1 at 7). Because of this, Plaintiff alleges that Defendant violated the NJCFA, TILA, FDCPA, and GLBA. (Compl., ECF No. 1 at 7).

Reviewing these claims in turn, the Court dismisses Plaintiff's Complaint without prejudice for failure to state a claim.

### I. NJCFA

To state a cause of action under the NJCFA, a plaintiff must show "1) unlawful conduct by defendant; 2) an ascertainable loss by plaintiff; and 3) a causal relationship between the unlawful conduct and the ascertainable loss." *Bosland v. Warnock Dodge, Inc.*, 964 A.2d 741, 749 (N.J. 2009) (citing *Int'l Union of Operating Eng'rs Local No. 68 Welfare Fund v. Merck & Co., Inc.*, 929 A.2d 1076, 1086 (N.J. 2007)). "'Unlawful practice' under the NJCFA can be affirmative acts, knowing omissions, or regulation violations." *Stockroom, Inc. v. Dydacomp Dev. Corp.*, 941 F. Supp. 2d 537, 545 (D.N.J. 2013) (quoting *Cox v. Sears Roebuck & Co.*, 647 A.2d 454, 462 (N.J. 1994)). However, to bring a claim under the NJCFA a plaintiff must also comply with the heightened pleading standard in Federal Rule of Civil Procedure 9(b). *Frederico v. Home Depot*, 507 F.3d 188, 200 (3d Cir. 2007). Under the Rule, "the plaintiff must plead or allege the date, time and place of the alleged fraud or otherwise inject precision or some measure of substantiation into a fraud allegation." *Id*. Plaintiff has not met this heightened standard. She has not pled with any particularity Defendant's alleged omissions.

Indeed, as to knowing omissions, Plaintiff must show that Defendant knowingly omitted a material fact with the intent to induce Plaintiff's reliance, *Vagias v. Woodmont Props., LLC*, 894

A.2d 68, 71 (N.J. 2006), but Plaintiff makes no such allegations here. The Complaint does not even allege that Defendant intended for Plaintiff to rely on the omissions. Without any facts to support the alleged omissions nor allegations of Defendant's knowledge or intent, Plaintiff's allegations are insufficient to state a claim under the NJCFA. *E.g.*, Hughes v. Panasonic Consumer Elecs. Co., No. 10-00846, 2011 WL 2976839, at *10–11 (D.N.J. July 21, 2011). Thus, Plaintiff has not met her pleading burden under Rule 9(b) and her NJCFA claim must be dismissed.

## II.    TILA

Similarly, to state a claim for a TILA violation, a plaintiff must state "with requisite specificity which charges and fees were not properly disclosed and why certain charges and fees are not bona fide and are unreasonable in amount," *Payan v. GreenPoint Mortg. Funding, Inc.*, 681 F. Supp. 2d 564 (D.N.J. 2010), and without more, such assertions are merely "bald assertions" and "legal conclusions" without any factual support, *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429–30 (3d Cir. 1997). Again, Plaintiff has not plead with specificity what information was not disclosed by Defendant and why the charges are unreasonable. Plaintiff has merely stated general allegations of omissions on a variety of issues without providing the details necessary to state a claim under the TILA. As such, Plaintiff's TILA claim must also be dismissed.

## III.    FDCPA

To state a claim under the FDCPA, a plaintiff must show that "(1) she is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014). Here, the Court—assuming based on the allegations of the Complaint that there is a valid debt in question—is unable to discern what provision of the FDCPA Plaintiff alleges that

Defendants violated as necessary for a FDCPA claim such as whether Defendant engaged in deceptive or unfair means to collect the debt or provided false or misleading information when collecting the debt. But Plaintiff has pled none of the above—or any other cause of action under the FDCP. Thus, Plaintiff's claim under the FDCPA is also dismissed.

### IV.  GLBA

Finally, Plaintiff appears to bring a claim pursuant to the GLBA, 15 U.S.C. § 6801 et seq., which seeks to ensure that financial institutions protect its customers' nonpublic personal information. Yet, there is no private cause of action under the GLBA as it provides for enforcement by the Federal Trade Commission and other federal and state regulatory agencies, 15 U.S.C. § 6805. As such, Plaintiff's claim brought pursuant to the GLBA is also dismissed.

*****

For the foregoing reasons,

**IT IS HEREBY** on this  17th  day of  April , 2023,

**ORDERED** that Plaintiff's application to proceed *in forma pauperis*, (ECF No. 1-2), is **GRANTED**, and the Complaint, (ECF No. 1), is **DISMISSED WITHOUT PREJUDICE** under 28 U.S.C. § 1915(e)(2) for failure to state a claim on which relief may be granted; and it is further

**ORDERED** that the Clerk shall close this case.

*/s/ Christine P. O'Hearn*
CHRISTINE P. O'HEARN
United States District Judge